**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeanette WILCHER, Defendant–Appellant.**

**No. 06–10710.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2007 *.

Filed Aug. 29, 2007.

John Robert Lopez, IV, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Deborah Euler–Ajayi, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: SILER **, McKEOWN, and BEA, Circuit Judges.

MEMORANDUM ***

Jeanette B. Wilcher appeals her jury convictions and sentence for wire fraud in violation of 18 U.S.C. § 1343, money laundering-promoting unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

money laundering-transacting in property derived from unlawful activity in violation of 18 U.S.C. § 1957. Wilcher's convictions arose out of a fraudulent investment scheme in which a group of intermediaries convinced the victim to "invest" $ 3.3 million in a high yield trading program. The money was then wired to Wilcher. In actual fact, there was no trading program, and the victim lost most of her investment when Wilcher and others appropriated the victim's money for their own uses.

On appeal, Wilcher presents three claims: (1) the district court unduly limited cross-examination of the victim; (2) the jury instructions misstated the specific intent requirements of the wire fraud statute; and (3) her 92–month sentence is unlawful. Since the parties are familiar with the facts underlying each claim, we do not recite them here. We affirm on all three grounds.

"In reviewing a limitation on the scope of questioning within a given area, we recognize that trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Larson,* 495 F.3d 1094, 1101 (9th Cir.2007) (en banc) (internal quotations and citation omitted). We review any such violation for harmless error. *Id.* at 1107–08. Even assuming the district court erred in limiting defendant's cross-examination of the victim, any error was harmless in light of the testimony elicited from the victim impugning other government witnesses, and the overall strength of the government's case, including the clear

bank account and money wire records evidence.

The jury instructions accurately tracked the wire fraud statute, and were not confusing. No grounds exist to challenge Wilcher's sentence, which the district court determined after making accurate Guidelines calculations and giving appropriate consideration to the statutory sentencing factors.

**AFFIRMED.**